768

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAUDE SHER-MAN, Appellant.— Motion granted and time for argument of appeal enlarged to include October 1962 Term, upon condition that appeal is argued at that term.

■ (A) JOHN BUSCH, JR., Respondent, v. CLAYTON HOUSE et al., Appellants. (B) DORIS CHASE, as Guardian ad Litem of DANIEL CHASE, an Infant, Respondent, v. ED J. ZUNNER, Appellant. (C) In the Matter of PATRICK J. GRADY, Respondent, v. GEORGE J. PFEIFFER, as President, et al., Appellants. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM V. QUINN, Appellant. (E) JOSEPH ROBERTACCIO, Respondent, v. WEST-CHESTER FIRE INSURANCE COMPANY, Appellant. (F) MICHAEL W. NOLE, Respondent, v. NEWARK INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant. (G) ROBERT SKERMONT, an Infant, by His Guardian ad Litem, CHARLES SKERMONT, Appellant, v. NATIONAL CASUALTY COMPANY, Respondent.— [In each action] Order of dismissal for failure to prosecute entered pursuant to rule X of the Rules of the Appellate Division, Fourth Department.

FIRST DEPARTMENT, OCTOBER, 1962

(October 2, 1962)

■ ROBERT A. RAVICH, Appellant, v. ETHEL S. PRATT, Respondent. ETHEL S. PRATT, Individually and on Behalf of Herself and All Other Members of Institute of Applied Biology, Inc., Respondent, v. ROBERT A. RAVICH et al., Appellants, and EMANUEL REVICI et al., Respondents.

APPEAL from an order of the Supreme Court at Special Term, entered December 23, 1960 in New York County, which denied a motion by plaintiff-appellant for summary judgment and also denied a cross motion by defendants-appellants for summary judgment dismissing the cross complaint.

Order, entered on December 23, 1960, affirmed, with $20 costs and disbursements to respondents.

BREITEL, J. (dissenting). I am constrained to dissent and vote to reverse and grant the motions for summary judgment made by plaintiff Robert A. Ravich and by the Ravich defendants in the cross action.

Despite the plethora of documents, affidavits and peripheral issues, the decisive question in the case is both simple and unitary. In this factional dispute for control of two charitable corporations, if there had been a complete disclosure by the Raviches before the agreements in suit were executed, the agreements are valid and there was no fraud.

Mr. Carlisle, the lawyer brought into the transactions by Mrs. Pratt, represented the Revici faction. He testified in deposition that a complete disclosure was made to him before the documents were executed. This is not disputed. The only residual question, then, is whether Mr. Carlisle represented Mrs. Pratt, which her present lawyers now deny, so that any communications to him were constructively communications to her.

Mr. Carlisle testified: "During the course of the negotiations and following the commencement of the action, I did act for Mrs. Pratt personally." He also held a general power of attorney from Mrs. Pratt. While Mr. Carlisle never billed Mrs. Pratt individually for the services he rendered, this does not detract from his unqualified assertion that he represented Mrs. Pratt personally. Thus, he testified: "Now I had represented Mrs. Pratt individually in other matters and at some course during the negotiations, as I testified on direct examination, I believe that I represented Mrs. Pratt individually when her individual affairs, as distinguished from her connection with the Institute, became a part of the negotiation."